The COMMISSIONERS OF HIGHWAYS OF THE TOWN OF CARMEL vs. The JUDGES OF THE COUNTY COURTS OF PUTNAM.

It is no objection in proceedings under the act as to laying out roads, that the certificate as to the propriety and necessity of a road is made by more than *twelve* freeholders.

Where the certificate is made by *twenty* freeholders, the fact that *five* of the number are of kin to the owners of the land through which the same is proposed to be laid, does not vitiate it.

The fact that one of the *judges* (to whom an appeal is made from the decision of commissioners refusing to lay out a road) was one of the *freeholders* who originally certified to the propriety of the road, is not such an error as will produce a reversal of the doings of the judges, if the objection was omitted to be urged on the hearing of the appeal.

A *general appeal* from the determination of commissioners refusing to lay out a road, is a sufficient compliance with the requirements of the statute.

CERTIORARI relative to the laying out of a road. *Twenty* freeholders of the town of Carmel made and subscribed a certificate of the necessity and propriety of laying out a road, applied for by one Abraham Everitt, which was delivered to the commissioners of highways of the town, who, after an examination of the route of the proposed road, determined that it was inexpedient to lay out such road and refused to lay out the same. The applicant appealed to three of the judges of the county, by endorsing upon, or annexing to the decision of the commissioners an appeal, in these words: "I do hereby

appeal from the determination of the commissioners of high- <span>NEW-YORK,</span>
ways in this matter to A. B. & C. three of the judges of the <span>May, 1831.</span>
court of common pleas in and for the county of Putnam, Au- <span>Commission-</span>
gust 26, 1829," and signed the same. In pursuanee of this <span>ers of Carmel</span>
appeal, the judges convened, and having heard the proofs and <span>v.</span>
allegations of the parties, they reversed the decision of the <span>Judges of Put-</span>
commissioners, and laid out the road applied for. The com- <span>nam.</span>
missioners sued out a *certiorari*, and the judges made a *return*,
setting forth the proceedings in the case, and, among other
things, they state that they have been *informed* and *believe*,
that *five* of the freeholders who signed the original certificate
are of *kin* to the owners of the land through which the road
was laid; but that no proof of the relationship was exhibited
before them, and no objection made to their proceeding on
that account. They also certify that one of their number is
one of the *freeholders* who signed the original certificate pre-
sented to the commissioners; but that no objection was taken
on that account to their proceeding on the appeal. The fact
of the *affinity* or *consanguinity* of the five freeholders to two of
the owners of the land over which the road was laid, was ad-
mitted by a written stipulation attached to the return.

*W. Nelson*, in support of the certiorari, insisted that the de-
cision of the judges ought to be reversed, because, 1. The ap-
peal of the applicant for the road does not state the ground up-
on which it is made, 1 R. S. 518, § 86; 2. The certificate of
the necessity and propriety of the road is made by *twenty*, in-
stead of *twelve* freeholders, the number prescribed by statute,
1 R. S. 514, § 58; 3. *Five* of the freeholders being of *kin* to
the owners of the land through which the road was laid, were
incompetent to give a certificate, 1 R. S. 514, § 60; and 4.
That one of the judges being one of the freeholders, who ori-
ginally certified to the necessity of the road, and whose judg-
ment was overruled by the commissioners, was not a compe-
tent person to *review* the proceedings of the commissioners.

*H. B. Cowles*, contra.

NEW-YORK,     *By the Court,* NELSON, J.  The appeal from the determin-
May, 1831.   ation of the  commissioners was equivalent to saying that the
Commission-  road was necessary and proper, and was therefore a sufficient
ers of Carmel  compliance with the act.  The fact that *twenty* instead of
     v.
Judges of Put-  *twelve* freeholders, certified that the necessity of the road, is no
    nam.     cause for reversing  the decision of the judges.  Independent
of the consideration that this objection comes with a bad grace from the commissioners, who, themselves, acted upon the certificate of the freeholders, there is  no force in it.  The commissioners  have  no  authority  to act until *twelve* freeholders certify to the necessity and propriety of the  road ; but where *twenty* unite in a representation, *twelve* of course concur.  The maxim that the greater includes the less, applies.  *Twelve* freeholders,  not  interested in  the  lands through which the road was laid, not of kin to  the owners thereof, having made the required certificate, the fact that *five* others,  who were of kin to the owners of  the  land, concurred in  opinion with them, does not  vitiate the certificate : all the statute requires is that *twelve* freeholders shall certify.  1 R. S. 514, § 58.  The objection that  one of  the judges who decided the appeal had before passed upon the same question, might be considered  as warranted by the  provision in the statutes forbidding officers acting in appellate  tribunals from taking part in  the decision of matters before determined by them, 2 R. S. 275, § 3, had it been urged when the  question was under consideration before the judges ; but it was not : the appeal was contested solely upon  the merits,  and the commissioners are now too late to avail themselves of the objection.  It might have been, and probably was waived.  It would promote litigation, and contravene well established principles, now to allow it as well taken.  The decision of the judges, therefore is *confirmed.*