BUEL and others *vs*. THE TRUSTEES OF THE VILLAGE OF LOCKPORT.

In a statutory proceeding the party against whom it is taken may waive any particular requirement of the statute intended exclusively for his benefit, and if he do so the party proceeding can not take advantage of the irregularity.

Under the 43d section of the charter of the village of Lockport, (*Stat. of* 1829, *p*. 141,) it seems the precept for a jury to assess the damages in consequence of laying out and opening new streets should specify the names of the owners of the lands in respect to which the assessment is to be made.

But the proceeding is not void, although the precept omit to name the owners; and therefore the omission constitutes no defence to an action (given by the charter) by the owner of land appropriated for a street, against the trustees to recover the amount of the assessment.

THIS was an action of debt, brought to recover the sum of $1200, assessed by a jury as the amount of the plaintiffs' damages, in consequence of laying out a street through their land in the village of Lockport, pursuant to the act incorporating said village, passed March 26th, 1829, (*Stat. of* 1829, *p*. 141, § 43.) On the trial, the plaintiffs were nonsuited, upon the ground that

" they were not named in the precept directed to the jury to assess the damages." The supreme court refused to grant a new trial; and after judgment the plaintiffs appealed to this court.

*H. Gardner,* for the appellants.

*J. L. Curtenius,* for the respondents.

SHANKLAND, J. The order of the board of trustees, continuing Saxton-street from Genesee to Buffalo-street in the village of Lockport, bears date in May, 1839, and does not mention the names of the *owners* of the land, appropriated for the purposes of the street; nor does it appear, by the records and proceedings of said trustees, that the plaintiffs were known to be owners or interested in the lands to be taken, until after the . issuing of the precept to the jury to assess the damages. After the jury had assembled to assess damages, Asa W. Douglass, in behalf of himself and his co-plaintiffs, appeared before them as persons interested in lot No. 1 on Walnut-street, and lot No. 7 on Buffalo-street, and took objections to some of the proceedings, which were overruled; and the jury assessed damages to six several owners of lands by name, and to the owner unknown of one other piece; and the plaintiffs had awarded to them, by name, by the verdict of the jury, $1200 for their damages.

If the true construction of the 43d and 46th sections of the act incorporating the village of Lockport, requires the names of owners of lands about to be appropriated for streets to be inserted in the process for summoning a jury to assess damages, where the owners' names are known, it should be made to appear that such names were known to those who issued the process, at the time of the issuing thereof. *Subsequent* information of the owners' names would not render the process void or irregular. And in the absence of evidence that the plaintiffs' names, and interest in the land, were known to the trustees at the time the process issued, the presumption of law is that said

trustees issued the process in due form, according to the facts within their knowledge at the time. I therefore am of opinion that the court erred in assuming as a fact, *that at the time of issuing the process the trustees knew the plaintiffs to be the owners of the land to be appropriated.*

But, as the above view of the case would produce a new trial merely, without further results, I propose to examine, briefly, whether the statute requires the names of known owners to be inserted in the jury process, and what are the consequences of an omission so to do. The 43d section of the act clearly contemplates a case where the owners are known to the trustees; because it directs *notice* of the intention to appropriate the land to be given to the person interested therein, and enables the trustees to *treat* with him therefor, and in case of inability to agree, then a process for summoning a jury to assess damages is to be issued. The 43d section having provided for the case of known owners, the 46th section proceeds to make provision for obtaining the lands of owners unknown, and dispensing with the necessity of giving notice otherwise than by newspaper publication. The 43d section of the act does not, in express terms, direct the names of the known owners to be inserted in the process, but the framers of the law, doubtless, took it for granted that such would be the case, in accordance with the known practice in all judicial proceedings. The wording of the 46th section shows very clearly that the legislature supposed that precepts issued in cases provided for in the 43d section would contain the names of the owners whose damages were to be assessed, and dispensed with the necessity of inserting names where the owners were unknown. Hence the inference is very strong, that the precept, when issued under the 43d section, should contain the names of the owners whose damages are to be assessed.

But it does not follow that the proceedings of the trustees in assessing the damages are void, because the process did not contain the owners' names. That requirement was not a jurisdictional one, but was made for the benefit of the plaintiffs, so that they could have notice of the proceedings, and opportunity to be

heard before the jury on the question of the *extent* of their in-
terests and the amount of damages sustained.    The provisions
of the statute having been made for their benefit, in this respect,
it was competent for them to waive it, as they have done, by
appearing before the jury and omitting to make any objection
to the form of the process, and by subsequently insisting upon
having the benefits of the proceedings.    (7 *Wend.* 264.)    The
defendants, who committed the error, in issuing the irregular
process complained of, can not be allowed to avail themselves of
that error.    The assessment in favor of the plaintiffs, and the
judgment rendered thereon by the president of the village, is
binding upon the defendants, as to the regularity of the pro-
ceedings on all points not *jurisdictional.*

The defendants' counsel further urges in defence, that as the
plaintiffs were *known owners,* but not *named* in the precept
within the words of the last clause of the 46th section, they can
not maintain an action for the assessment by virtue of that sec-
tion.    This objection is highly technical and ought not to pre-
vail.    It was clearly the intention of the legislature to provide
a remedy by action for the recovery of the assessed damages, as
well in favor of persons known as unknown ; and the words
" named in the precept," after the word " *known,*" are mere words
of description and tautologous.    It could not have been the in-
tent of the legislature to limit the right of action to persons
named in the process, because the legislature evidently took it
for granted that the names of *known owners* would be inserted
in the precept.    No reason is perceived why any class of per-
sons, sustaining damage by the laying out of streets, should be
precluded of their action at law, while a remedy is extended to
others.    The only distinction created by the act between *known*
and *unknown* owners, is that the latter must demand his dam-
ages before action, and the former not.

It is further objected by the defendants counsel, that if the
act authorized the taking of the plaintiffs' land for the purposes
of a street, it is illegal and void because it does not provide a
compensation for the land taken.    (*Bloodgood* v. *Mohawk R.
R. Co.,* 18 *Wend.* 10 ; 4 *Hill,* 140.)    This objection would be

valid, if the plaintiffs could maintain no action for their damages, on the 46th section. But as this action can be sustained on that section, the objection can not be sustained.

I am of opinion that the judgment of the supreme court should be reversed, and a new trial awarded.

Ordered accordingly.