# SUPREME COURT.

THE PEOPLE *ex rel.* JACOB J. BANTA and JACOB J. BANTA, respondents, agt. LOUIS KNEISSEL, appellant.

*New York (city of) — inspector of weights and measures — how appointed — in what manner removed.*

Where, by chapter 49 of the Revised Ordinances of 1845 (*secs.* 1, 2), the city of New York had been divided into two inspection districts, and consequently there were but two such officers, *i. e.* (inspectors of weights and measures), one for the first and the other for the second district, and while the ordinance was in force the mayor nominated four persons together as such officers:

*Held,* that although regularly and properly one person only should have been nominated for each of these offices and the persons should have been respectively named for the office to be received by them, yet the irregularity in the nomination was not such as to render it absolutely void.

The power of nomination existed to the extent of two officers, and the selection of four persons instead of two did not invalidate the exercise of it.

Where the nominations were acted upon separately by the board of aldermen and the case of the relator was first considered and disposed of by itself, confirming his nomination but without any designation of the district which should be given to him:

*Held,* that although the proceeding in this respect was not entirely regular, it was evidence of the assent and approval of the board that he should receive one of the vacant offices, and as the first would naturally be considered and filled in the first instance, it may be reasonably presumed that such was the intention and purpose of the board, and that rendered the relator's appointment as inspector for the first district effectual and lawful.

By section 25 of chapter 335 of the Laws of 1873, an inspector of weights and measures can only be lawfully removed by the mayor after affording him an opportunity to be heard, and after that the removal cannot take effect without the approval of the governor in writing.

*First Department, General Term, October,* 1876.

*Before* DAVIS, *P, J.,* BRADY *and* DANIELS, *JJ.*

The People *ex rel.* Banta agt. Kneissel.

Appeal from judgment recovered on the report of a referee.

*John H. Strahan,* for appellant.

*L. S. Chatfield,* for respondent.

Daniels, *J.* — The referee held that the defendant had not been legally appointed to the office of inspector of weights and measures for the first district of the city of New York. Before the appointment of either of the relator or the defendant, the city had by ordinance been divided into two inspection districts (*chap.* 49, *Revised Ordinances of* 1845, *secs.* 1, 2). And while the ordinance was in force and on the 19th of May, 1873, the mayor nominated four persons together to the board of aldermen, as inspectors of weights and measures in the city of New York. At that time there were but two such officers in the city, one for the first and the other for the second district. Regularly and properly one person only should have been nominated for each of these offices, and the persons should have been respectively named for the office to be received by them. But the irregularity in the nomination was not such as to render it absolutely void. The power of nomination existed to the extent of two offices, and the selection of four persons instead of two did not invalidate the exercise of it. The fact that more were named than the mayor was empowered to select could be corrected and regulated by the action of the board having the power of confirmation. It was sufficient that the board was placed in the situation in which it could make the selection of the proper persons for the position by the act of the officer authorized to name the individuals. It was a substantial exercise of the mayor's authority because he named the persons who, in his judgment, would be proper incumbents of the offices. There was no such restriction imposed upon the act of nomination as rendered it void, because too many names were given for the places to be filled. And the greater number certainly included the entire nomin-

ating power existing in the mayor to provide occupants for the offices (*Comrs. of Highways* agt. *Judges of Putnam Co.,* 7 *Wend.*, 264). In that case it was held that the concurrence of twenty, instead of twelve, freeholders, as to the necessity for laying out a highway did not render their action unlawful, although the statute had declared that it should be done by twelve.

When the nominations were made the candidates named were acted upon, separately, by the board of aldermen ; and in their action the case of the relator was first considered and disposed of by itself. As to him their action was favorable. The board so far accepted the mayor's nominee, and concurred in his appointment. But that was done without any designation of the district which should be given to him. The proceeding, in this respect, was not entirely regular. But it was evidence of the assent and approval of the board that he should receive one of the vacant offices. And as the first would naturally be considered and filled in the first instance, it may be reasonably presumed that such was the intention and purpose of the board. That rendered the relator's appointment, as inspector for the first district, effectual and lawful (*People* agt. *Supervisors of Richmond Co.,* 20 *N. Y.,* 252). And it was not annulled by the circumstance that each of the other three persons who had been named by the mayor were afterwards acted upon and confirmed in the same manner. The relator accepted the appointment and entered on the discharge of the duties of the office. But while he held it the mayor became dissatisfied with his conduct and nominated the defendant for the same position, declaring the relator to have been removed. The board confirmed this nomination and the defendant thereupon took charge of the office and entered upon the execution of its duties. His right to do that depended upon the effect of the act of the mayor in his endeavor to remove the relator. And that, it seems to be conceded, must be determined by the provision contained in section 25 of chapter 335 of the Laws of 1873, if the

appointment proved to be a legal one. That such was its character has been already shown. And the consequence is that the mayor's attempted removal of the relator was ineffectual; for by this section of the statute that could only be lawfully done by affording the relator an opportunity to be heard and, after that, the removal could not take effect without the approval of the governor, in writing, and that approval was not obtained in this case (*Laws of* 1873, 491, *sec.* 25).

As the case was proved and the facts found by the referee, the relator's appointment was lawfully made; and as he never was legally removed from the office, the defendant acquired no right to it by his nomination and confirmation.

The judgment appealed from should, therefore, be affirmed with costs.