In the Matter of the Petition of the NEW YORK, LACKAWANNA AND WESTERN RAILROAD COMPANY for the Appointment of Commissioners to Appraise certain Lands, etc.

A railroad corporation, desirous of obtaining title to certain real estate for the purposes of its road, entered into a contract with the owner, by which it agreed to purchase, and she to sell and convey the premises. The price to be paid it was agreed should be ascertained in and by proceedings which the corporation was to institute under the General Railroad Act. The commissioners to be appointed in said proceedings were named, and the principles to govern them in their determination stated; they were also authorized to base their determination upon their own knowledge and information as well as upon the evidence. To either party was reserved all rights of appeal given by law in such proceedings. In pursuance of the contract, proceedings were instituted, the persons named were appointed commissioners, a hearing was had before them,

and they made their report. From an order confirming the same, the corporation appealed to the General Term, which reversed the award and ordered a new appraisal, but refused to appoint new commissioners on the ground of lack of power. *Held* no error; that the contract bound the parties and the action of the court in the proceedings commenced in pursuance thereof; that the reservation of all rights of appeal did not authorize a change of commissioners if their award should be held to be erroneous; it simply secured the right to a review and new appraisal.

(Argued March 3, 1885 ; decided March 10, 1885.)

APPEAL by the petitioner above named from a portion of an order of the General Term of the Supreme Court, in the fifth judicial department, made October 31, 1884, which reversed an order of Special Term confirming an award of commissioners herein, set aside said award, and directed a new appraisal by the same commissioners, but which refused to appoint new commissioners on the ground of want of power. (Reported below, 33 Hun, 639.)

On the 24th day of May, 1883, an agreement was entered into between Harriet A. Bennett and A. F. Bennett, parties of the first part, and the New York, Lackawanna and Western Railway Company, party of the second part, whereby the party of the second part agreed to purchase of Mrs. Bennett certain property situate in the city of Buffalo, known as the union elevator property, and she agreed to convey the property to it. It agreed, with due diligence, to take proceedings as provided by chapter 140 of the Laws of 1850, as amended, for the purpose of ascertaining the compensation she should be paid for the property, and of obtaining title in fee thereto ; and it was agreed that in the proceedings Nelson K. Hopkins, Robert Dunbar and Brigham Clark should be appointed appraisers to ascertain and determine the compensation which ought justly to be paid by the company to Mrs. Bennett, that the commissioners should be governed in estimating the value of the property, and the compensation to be paid by the rules of law applicable to proceedings under the statute, except as they were modified by the agreement, and that the rights of appeal given by law should be reserved to

either party.  It was further agreed that in the proceedings no damages should be allowed because of injury to the Bennett elevator property, or to any other adjoining premises or property, or for any thing except the actual value of the premises and property purchased; that in ascertaining and determining the compensation to be allowed, the commissioners should take into consideration the capability of the premises and property for any use whatever; that they should determine such compensation without delay, and upon their own knowledge and information, as well as upon such evidence as might be produced before them; that the value finally arrived at in the proceedings should be the fixed purchase-price to be paid by the railroad company; that $20,000 should be advanced toward the purchase-price within ten days after the execution of the agreement, to be applied as a part of the purchase-price of the property, and that the balance of the purchase-money, as fixed in the proceedings, should be paid within six months from the date of the contract, without interest; it was provided further, that if, at the expiration of six months, the proceedings to take the lands were not finally determined, the company should have thirty days after such final determination to pay the same; and upon complete payment of the purchase-money, Mrs. Bennett was to execute to the company a deed of the property with covenants of seizin, and for quiet enjoyment, and sufficient to convey a perfect title except as to certain incumbrances mentioned, which were provided for.  The contract contained various other stipulations and provisions, some of which were beneficial to one and some to the other party.

In pursuance of this agreement, thereafter the railroad company presented a petition to the Special Term of the Supreme Court, under the General Railroad Act of 1850, and procured the appointment of the persons named as commissioners to appraise the compensation to be made for the land.  A hearing was had before such commissioners, and they made their appraisal and award, and reported the same to the Supreme Court.  The company being dissatisfied, thereafter appealed to the General Term, which reversed the award and ordered a

new appraisal before the same commissioners, but refused to appoint new commissioners, upon the sole ground that it did not have the power to do so, for the reason that the parties had, by their contract, agreed upon the commissioners.    From the latter part of the order, refusing the appointment of new commissioners, the railroad company appealed to this court.

Further facts appear in the opinion.

*John G. Milburn* for appellant.    The General Term had power to direct the appointment of new commissioners. (2 R. S. [7th ed.] 1552, § 18 ; *In re N. Y. C.* v. *Cunningham,* 64 N. Y. 60.)    Parties cannot by agreement confer powers or jurisdiction upon courts. (*Dudley* v. *Mahew,* 3 N. Y. 1 ; *Davidsburgh* v. *Ins. Co.,* 90 id. 526.)    The order of the General Term refusing to appoint new commissioners is an appealable order. (*R. & S. R. R. Co.* v. *Davis,* 43 N. Y. 137 ; *Matter of N. Y., W. S. & B. R. R. Co.,* 94 id. 287 ; *Bergen* v. *Carmen,* 79 id. 146 ; *Matter of Friedman,* 82 id. 609.) When a party has the right to have the General Term exercise its discretion, and it refuses to do so on the sole ground of want of power, its order is °appealable to review that question. (*Hewlett* v. *Wood,* 69 N. Y. 394 ; *Tolman* v. *R. R. Co.,* 92 id. 343 ; *Matter of Atty.-Gen'l* v. *Ins. Co.,* 88 id. 77 ; *Jameson* v. *Bk. of Jefferson,* 85 id. 546 ; *Tilton* v. *Beecher,* 59 id. 176 ; *Tracy* v. *Altmeyer,* 46 id. 598 ; *Ins. Co.* v. *Tomlinson,* 58 id. 215 ; *Collins* v. *Collins,* 71 id. 269.)

*George F. Comstock* for respondents.    No appeal lies to this court from an order of the General Term, made upon an appeal from an appraisal and report of commissioners to correct errors either of fact or of law.    The order which the General Term makes upon such an appeal is final. (*N. Y. C. R. R. Co.* v. *Marvin,* 11 N. Y. 276 ; *Matter of Extending Canal Street,* 12 id. 406 ; *King* v. *City of New York,* 36 id. 182 ; *Matter of Commissioners of Cent. Park,* 50 id. 493 ; *Matter of D. & H. Canal Co.,* 69 id. 209 ; *Matter of N. Y. C. & H. R. R. R. Co.,* 64 id. 60 ; *Matter of P. P. & C. I. R. R.*

*Co.*, 85 id. 489.) The parties to the contract were bound by its provisions, waiving the rights which the law gave them. In civil proceedings a party may waive either statutory or constitutional rights. (*Embury* v. *Conner*, 3 N. Y. 511 ; *People* v. *Quigg*, 59 id. 83 ; *Matter of Application of Cooper*, 93 id. 507 ; *Lee* v. *Tillottson*, 24 Wend. 337 ; *Keator* v. *N. and D. Plankroad Co.*, 7 How. 41.) The selection, by agreement of the parties, of the persons who shall estimate values or determine controversies, is not only valid in law, but is favored by it. (*D. & H. Canal Co.* v. *Penn. Coal Co.*, 50 N. Y. 520 ; Code of Pro., § 273 ; Code of Civ. Pro., § 1011 ; *Matthew* v. *Ollerton*, 4 Mod. 226 ; *Hanner* v. *Bliss*, 7 How. Pr. 246 ; *Keator* v. *U. and D. Plankroad Co.*, 7 id. 41.) The courts will execute agreements of this character, even though the precise legal nature and effect of the agreement may not readily appear. (*Merritt* v. *Thompson*, 27 N. Y. 225 ; *Healey* v. *Gilman*, 6 Robt. 479 ; *Campbell* v. *Am. Pop. Life Ins. Co.*, 1 Mac Ar. thur, 246.) On the reversal of the award on appeal the court had no right under the contract to appoint other commissioners. (*Matter of R. & C. R. R. Co.*, 67 N. Y. 242 ; *Matter of P. P. & C. I. R. R. Co.*, 85 id. 489; *Crowner* v. *W. & R. R. R. Co.*, 9 How. 457.)

EARL, J. The point is made on behalf of the respondent that an appeal in this case to this court is unauthorized, and to sustain this contention our attention is called to the cases of *New York Central Railroad Co.* v. *Marvin* (11 N. Y. 276), *Matter of Del. & Hud. Canal Co.* (69 id. 209), *Matter of P. P. & C. I. R. R. Co.* (85 id. 489), and to other cases. The point is not entirely free from difficulty, and we have concluded to consider the case upon its merits.

The agreement of May 24, 1883, was one of purchase and sale. It seems that the parties were not able to agree upon the compensation to be paid for the property, and there were also apparently some difficulties as to the title to be conveyed, growing out of incumbrances upon the property. Hence for the purpose of fixing the price and clearing up the title it was

agreed that the proceedings should be taken under the General Railroad Act. It is entirely clear that the parties were not willing to leave the compensation to be paid to be determined by any three commissioners to be appointed by the court, but they selected the commissioners, and those commissioners were to appraise the property in the manner specified in the agreement. They were not only to hear evidence as to the value of the property, but they were to act upon their own knowledge and information as well as upon the evidence. Mrs. Bennett did not agree to convey her property for a compensation to be fixed by any three persons to be appointed by the court, but for a compensation to be fixed by the three persons named under the precise conditions specified in the agreement; and it would certainly be contrary to the understanding of the parties that she should be compelled to part with the property for a compensation to be fixed in any other way. It is true that all rights of appeal given by law were reserved to either party, but we cannot infer from that language that it was expected by either party that the commissioners should be changed. That would defeat the whole scheme of the arrangement between them. If the court could, upon appeal, change the commissioners, very little was gained in the first instance by naming the commissioners who were to make the appraisal. The railroad company have had all the right of appeal which it was contemplated by the parties it should have. What the parties desired by this clause in the agreement was to secure the right to have reviewed upon appeal any errors of law or of fact which the commissioners might commit in their appraisal.

But the claim is made that the parties could not thus hamper and circumscribe the power of the court. It is undoubtedly true that the court at Special Term was not bound to appoint the three commissioners named by the parties. It could have refused to appoint them and have left the parties either to abandon their agreement, or to carry it out in some other way. But the agreement of the parties bound them and concluded the court in that proceeding, and the court was bound

as between the parties to observe, enforce and carry out the agreement. Parties by their stipulations may in many ways make the law for any legal proceeding to which they are parties, which not only binds them, but which the courts are bound to enforce. They may stipulate away statutory, and even constitutional rights. They may stipulate for shorter limitations of time for bringing actions for the breach of contracts than are prescribed by the statutes, such limitations being frequently found in insurance policies. They may stipulate that the decision of a court shall be final, and thus waive the right of appeal; and all such stipulations not unreasonable, not against good morals, or sound public policy; have been and will be enforced ; and generally, all stipulations made by parties for the government of their conduct, or the control of their rights, in the trial of ·a cause, or the conduct of a litigation, are enforced by the courts. (*Buel* v. *Trustees of Lockport*, 3 N. Y. 197 ; *Embury* v. *Conner,* id. 511 ; *Sherman* v. *McKeon*, 38 id. 266 ; *Allen* v. *Commissioners, etc.*, id. 312 ; *Vose* v. *Cockcroft*, 44 id. 415 ; *Phyfe* v. *Eimer*, 45 id. 102 ; *DeGrove* v. *Insurance Co.*, 61 id. 594 ; *O. & L. C. R. R. Co.* v. *V. & C. R. R. Co.*, 63 id. 176 ; *Wilkinson* v. *Insurance Co.*, 72 id. 499 ; *Baird* v. *Mayor, etc.*, 74 id. 382 ; *Hilton* v. *Fonda*, 86 id. 339 ; *Steen* v. *Insurance Co.*, 89 id. 315 ; *In re Cooper*, 93 id. 507 ; *Stedeker* v. *Bernard*, id. 589.) If in an action not in its nature referable without the consent of the parties, they should agree upon a referee for the trial of the same, the court could not change the referee without their consent.

So it is not true that parties cannot enter into stipulations which in some sense will bind and control the action of the courts. They do not literally control the power of the courts except as such' power is in all cases circumscribed by the necessity which obliges every court to apply the proper rules of law to the facts of every case, and to exercise its powers according to established principles. Here the agreement of the parties was a factor which the court was bound to recognize and to give proper weight and significance. Whatever in that agreement bound the parties, bound it, and it did not err in holding that

it could not, in violation of the agreement of the parties, appoint new commissioners.

The railroad company cannot claim the benefit of a part of the agreement, and repudiate the rest. If it desires to change the commissioners, it must in some way get rid of the entire agreement.

The order should be affirmed, with costs. ·

All concur.

Order affirmed.