† BIRD *versus* BIRD.

A deed purporting to convey all the grantors' real estate in a certain *town* by name, and particularly all that belongs to them as the representatives of a certain person named, deceased, is effectual to pass their title to any lands there situated.

And where several heirs join in a conveyance, by signing, sealing and delivering the same to the grantee, a *subsequent* addition in the body of the deed, of the names of two who had signed and sealed it, but which were not there at the time of its delivery, without the knowledge and consent of the parties to the deed, will not affect its validity as to those whose names were in the body of the deed as grantors.

But whether any title in the premises described in a deed, is passed, by merely signing, sealing and delivering it, without the insertion of the name as *grantor*, *quere*.

No question of law can be raised upon a point made by the counsel to the jury, where no instructions upon it were requested of the presiding Judge.

The *possession* of the common property by one of the tenants, will not prevent his co-tenants from making an effectual transfer to another, of their rights therein.

ON EXCEPTIONS from *Nisi Prius*, TENNEY, J., presiding. TRESPASS *quare clausum.*

The plaintiff's title by deed was through several mesne conveyances; the first from John Hunter in 1801, the last being from Andrew Bird to him, dated Oct. 2, 1843.

He also proved that he had been in possession of the premises since 1829; but there was no evidence whatever to show an ouster of others who had title to any portion.

The defence was, that defendant was tenant in common. He exhibited an office copy of a deed of part of the premises from Samuel Bird to Andrew Bird, of Jan. 14, 1802, also an office copy of a deed from the heirs of said Andrew to David Bird, dated June 10, 1830, which was recorded May 15, 1852; and a deed from David to himself, of April 13, 1852.

After the case was thus presented, the plaintiff introduced the original deed from said heirs of Andrew Bird to David Bird.

The description of the premises therein was as follows: "All our right, title and interest, and all real estate which we own or have claim to, situated in Belfast, in said county of Waldo, and particularly all that belongs to us as the heirs or legal representatives of Andrew Bird, formerly of Belfast, deceased."

The heirs who signed and sealed this deed were "John Lermond and Nancy, his wife, in her right, John Bogs and Jane, his wife, in her right, C. H. Wetherbee and Lucetta, his wife, in her right, James Bird, Mary T. Bird and Sally Bird, Zenas Mero and Nancy Mero."

The names of Zenas and Nancy Mero were not in the body of the deed when executed.

Plaintiff introduced testimony tending to show, and the fact was subsequently admitted, that F. A. Lewis, an attorney of defendant, inserted in the body of the deed, just before the execution of the deed of *David* to defendant, the following words:— "and Zenas Mero and Nancy, both of Hope, in the county of Waldo, in their right."

The plaintiff also offered testimony tending to show, that the name "David," which occurs three times in the deed, had been fraudulently inserted, and the name "Andrew" erased, since the execution and delivery of said deed.

The defendant offered testimony tending to show, that the alteration was before the execution and delivery.

Plaintiff's counsel contended to the jury, 1st, that this deed was void for uncertainty in the description of the premises.

2. That the insertion of the words therein after it was executed and delivered, by Lewis, as admitted, made it void.

3. That if plaintiff was in possession of the premises at the time said deed from the heirs was made, claiming it as his own, that nothing passed by the deed.

4. And that if the name of the grantee had been fraudulently erased, and another substituted, it would be void.

The presiding Judge instructed the jury, that this deed was not void from uncertainty in the description of the premises therein; — *that* the insertion of the words, as admitted by Lewis, did not render the deed void, so as to preclude defendant from defending successfully against this suit, provided he could have done so, if those words had not been inserted; and if the plaintiff had shown no ouster of those who had title in the premises, and had been tenants in common with him, the deed did pass the rights in the premises of the grantor in that deed; *that* if they should find the word " Andrew," as a christian name of the grantee in the deed, had been fraudulently erased, and the word "David" substituted therefor, after the execution and delivery thereof, the deed would be void.

A verdict was returned for defendant.

*N. Abbott*, in support of the exceptions, maintained the positions taken at the trial. The deed was void for uncertainty.

The words admitted to have been inserted by Lewis were material and destroyed the validity of the deed. This alteration was *fraudulent*, and defendant by making use of the deed in defence of this suit adopts his attorney's doings. He ratified his fraud and it is presumed, that he consented to the fraud at the time it was committed. The fact of the alteration is *prima facie* evidence, that it was made with fraudulent intent. 3 Met. 103. No evidence is offered to rebut that presumption.

The jury should have been instructed, that nothing passed by the deed, if the plaintiff was in possession claiming the land as his own, at the time of its execution. That constituted a disseizin of the owner, and the disseizee must reënter before he can convey. 36 Maine, 491.

The plaintiff was in possession of the premises under his deeds. The defendant is liable for all trespasses committed before the date of his deed from David. He had no

right there until he got his deed from him, even if David had a good title.

*Dickerson, contra.*

There is no difficulty in finding the estate embraced in the deed. The intentions of the parties are to be carried out and effect is to be given to the deed if possible. *Hale* v. *Rust*, 1 Greenl. 334; *Marshall* v. *Fisk*, 6 Mass. 24; *Litchfield* v. *Cudworth*, 15 Pick. 22; Hilliard's Abr. 336.

The insertion of the words admitted was not done by the grantee, nor do they change the character or legal effect of the instrument. The grantee cannot be affected in his title by such a proceeding of a third party. 1 Greenl. Ev. § 566; *Powers* v. *Ware*, 2 Pick. 451; *U. S.* v. *Spaulding*, 2 Mason, 478; *Hunt* v. *Adams*, 6 Mass. 519; *Brown* v. *Pinkham*, 18 Pick. 172.

The questions of fraud and ouster were settled by the jury in favor of defendant.

TENNEY, J. — It is not denied by the defendant, that the plaintiff has exhibited evidence of title to an undivided portion of the premises described in his writ; but he claims title of another undivided portion of the same; and insists that he has rights therein, as a tenant in common with the plaintiff, which will defeat the maintenance of this action.

For the purpose of sustaining the defence, a deed dated June 12, 1830, to David Bird, from certain persons, representing themselves as the heirs, and children of heirs of Andrew Bird, deceased, was introduced; also evidence to show, that they held such relation to Andrew Bird. A deed from said David Bird to the defendant, dated April 13, 1852, was also in evidence. From these deeds and other deeds in the case, concerning which there is no controversy, it appears, that the defendant had title in an undivided part of the premises, unless the deed to David Bird of June 12, 1830, was inoperative. And the plaintiff contended, that it was inoperative on several grounds. The first of which was, that it had been changed after its execution,

without any authority, by the erasure of the name of Andrew Bird as grantee, and the insertion of the name of David Bird, as it now appears. This alteration the jury have negatived, under instructions, which were not a subject of complaint in the exceptions.

Another objection to the validity of the deed to David Bird was, that the names of Zenas Mero and Nancy Mero, two of the grantors, were inserted in the body of the deed, just before the date of the deed from David Bird to Jonathan E. Bird, by F. A. Lewis, attorney for the defendants, though it was not denied, that it was executed and acknowledged by those persons, as grantees, at the time it purports to have been executed by them. It was admitted, that the names were inserted in the body of the deed as above stated.

The canceling of a deed will not divest property, which has once vested by a transmutation of possession. A man's title to his estate is not destroyed by the destruction of his deeds. *Hatch & al.* v. *Hatch & al.*, 9 Mass. 307. This doctrine is affirmed by this Court in the case of *Barrett* v. *Thorndike*, 1 Greenl. 73, and in *Lewis* v. *Payn*, 8 Cowen, 71; *Jackson* v. *Gould*, 7 Wend. 264.

The deed to David Bird from the heirs of Andrew Bird, deceased, conveyed to the grantee, the interest of the grantors, so far as it was sufficient to do so, at the time of its execution and delivery. No question is made, that the estate of all, excepting that of Zenas Mero and his wife, at that time passed by the deed, unless the grantors were disseized. And having vested a title in the grantee, by the authorities referred to, it was not divested afterwards by the insertion of the words in the body of the deed. Whether any thing passed from Mero and his wife, at the time they executed the deed, is a question, which the final disposition of this cause does not require to be settled.

Again, the deed is denied to be effectual to pass the estate, because of the uncertainty of the description of the land. The property is described as being "all our right, title and

interest, and all real estate, which we own or have claim to, situated in Belfast in said county of Waldo, and particularly all that belongs to us as the heirs or legal representatives of Andrew Bird, formerly of Belfast, deceased." If it could be shown, that Andrew Bird, deceased, was the owner of real estate in the town of Belfast, in the county of Waldo, at the time of his decease, the right of these grantors therein would not fail to pass, by any uncertainty in the description. An officer's return of an attachment of all the debtor's right, title and interest in and to any real estate, in a given county, is valid and sufficient to hold all his real estate therein, subject to attachment, in the suit, in which it was made. *Roberts* v. *Bourne,* 23 Maine, 165. No good reason is perceived to exist against the effect of a similar description in a deed.

It was contended to the jury at the trial, that if the plaintiff was in possession of the premises, at the date of the deed from the heirs of Andrew Bird, deceased, claiming it as his own, that nothing passed by said deed. The case contains no report of evidence, like the facts supposed in this proposition; but it does find, that there was no evidence whatever to show an ouster of others, who had title with the plaintiff in the premises; and the Judge was not requested to give any instruction upon such a state of facts, as was stated hypothetically to the jury by the plaintiff's counsel; consequently no such question of law can arise on the exceptions.

" The possession or entry of one tenant in common, or joint tenant, is always presumed to be in maintenance of the rights of all." " If there are several tenants in common, who are co-heirs, the entry of one will not be deemed adverse to the title of the others, without the *strongest evidence* of exclusive claim of title to the whole estate." *Ricard* v. *Williams,* 7 Wheat. 120; Stearns on Real Actions, 40. No ouster of the heirs of Andrew Bird having been shown, the plaintiff cannot be treated as having made a claim of exclusive possession or right, and the instruction

given, that the deed of those, who had title in the premises, and had been tenants in common with him, passed the estate, which fell to them as heirs, to their grantee, was correct.                    *Exceptions overruled.*