The Harlem Bridge, Morrisania and Fordham Railway Company, Appellant, *v.* The Town Board of the Town of Westchester and Others, Respondents.

*Additional allowance — a motion for cannot be made after discontinuance.*

It is not possible to make a motion for an extra allowance after an action has been discontinued.

Where an order of discontinuance upon certain terms has been made, the court has no power, by a subsequent order reciting the compliance of the parties with the terms, to provide that the question of extra allowance be disposed of at a future date.

An order directing that the action be discontinued, without costs to either party, having been made, the court cannot thereafter grant an extra allowance, as the allowance is in addition to costs and is part thereof.

APPEAL by the plaintiff, The Harlem Bridge, Morrisania and Fordham Railway Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the Supreme Court on the 29th day of May, 1893, granting leave to the defendants, the Town Board of the Town of Westchester and others, to renew a motion for an extra allowance and granting such allowance.

*W. N. Cohen* and *Henry L. Scheurman,* for the appellant.

*H. C. Henderson* and *A. B. Cruikshank,* for the respondents.

VAN BRUNT, P. J.:

This action was brought on the 13th of June, 1892, for an injunction to prevent the defendants from interfering with the plaintiff in building and operating its street surface railroad, and to prevent the defendant traction companies from building their own railroads. An injunction was served with the summons and complaint, and after argument continued pending the trial of the action. Issue was joined in August, 1892, and the case reached for trial on the eighteenth of November of that year and adjourned upon the application of the plaintiff. An appeal having been taken from the order continuing the injunction, the same was heard in November, 1892, and a reargument ordered. The case was put on the January calendar and noticed for argument, but was moved off by the plaintiff, and put on the February calendar and argued. Before a decision was rendered, the plaintiff having made a motion for the discontinuance of the action, on the 27th of February, 1893, an order was made and entered by this court granting the plaintiff's motion upon certain conditions. On the 7th of March, 1893, an order was entered reciting the compliance by the plaintiff with the conditions contained in the order of February 27, 1893 (except as to the extra allowance to be thereafter disposed of), and the payment of the costs therein required to be paid, and the receipt thereof by the defendants' attorney ; it was ordered that the action be and the same thereby was discontinued without further costs to either party as against the other. A motion for an extra allowance having been made, the same was denied ; and an application having been made for leave to renew said motion, such leave was given, and the motion for extra allow-

ance granted, and from the orders thereupon entered this appeal is taken.

I have not been enabled to see how it was possible to make a motion for an extra allowance after an action had been actually discontinued and ended. The order of March seventh discontinued the action without further costs to either party as against the other. It was absolute in its terms, and as long as that order existed there was no action pending in which a motion for an extra allowance could be granted.

It may be said that in the body of the order it was recited that the plaintiff had complied with all the conditions for discontinuance except as to the extra allowance, which was thereafter to be disposed of. But the court had no power to retain the question of extra allowance to be disposed of after the action was actually discontinued. The order directed, notwithstanding these recitals, that the action be discontinued without further costs to either party as against the other. This was the judgment of the court. In this judgment there was no reservation (if such a reservation could have been made) of the right to make a motion for an extra allowance. I have been unable to see how the court could exercise any such power. The moment the action was discontinued, that moment the court lost all jurisdiction of the parties. No action pending, no order could be made therein. The action had been discontinued without further costs to either party as against the other, and an extra allowance is in addition to costs, and is part of the costs, and the granting of such a motion is in contravention of the judgment of discontinuance.

I think, therefore, without discussing the question as to the power of the court, .in view of the nature of the attempted averments upon information and belief, as to the value of the subject-matter of the litigation, that the court had no power after the action had been discontinued to entertain a motion for an extra allowance. As well might the court, in the case of a trial after judgment entered,. entertain such a motion.

The order appealed from should be reversed, with ten dollars. costs and disbursements.

Parker, J., concurred.

Order reversed, with ten dollars costs and disbursements.