The Harlem Bridge, Morrisania and Fordham Railway Company, Respondent, *v.* The Town Board of the Town of Westchester et al., Appellants.

The parties hereto stipulated that the action be discontinued upon terms specified, the order of discontinuance to be without prejudice to a motion for extra allowance, and if allowance be granted and not paid, that defendants could move to vacate the order of discontinuance *ex parte.* Upon this stipulation an order of discontinuance was entered which recited that plaintiff had complied with all terms " except to the extra allowance to be hereafter disposed of." An order of Special Term granting an extra allowance was reversed by the General Term without considering the merits, on the ground, as appears by its order, that the court had no power after discontinuance to grant an extra allowance. *Held,* error; that the parties had power to enter into the stipulation and pursuant to it the motion for extra allowance was regular, and the General Term had power to review on the merits the order granting it.

(Argued June 4, 1894; decided June 12, 1894.)

Appeal from order of the General Term of the Supreme Court in the first judicial department, made January 12, 1894, which reversed orders of the Special Term granting motions by defendants for leave to renew motion for extra allowance on discontinuances of action and granting said allowances.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Alfred B. Cruikshank* for appellants. The order is appealable to this court. (*Mingay* v. *H. M. Co.,* 99 N. Y. 270; *H. R. T. Co.* v. *W., etc., Co.,* 135 id. 393.) The parties had the right by stipulation to modify as desired the force and effect of the order of discontinuance. (*In re N. Y., L. & W. R. R. Co.,* 98 N. Y. 447; *Hong Wang* v. *Cooper,* 114 id. 388; *Ward* v. *Ray,* 69 id. 96; *In re Hathaway,* 71 id. 238.) The fact that the stipulations were not recited in the moving papers makes no difference. (*Munoz* v. *Wilson,* 111 N. Y. 295; *Moore* v. *Williams,* 115 id. 586; *Bank* v. *Emeric,* 2 Sandf. 718.) An extra allowance was proper. (*Danenhoven* v. *March,* 4 Abb. Pr. 254; *Coffin* v. *Coke,* 4 Hun, 616.)

There was a sufficient basis on which to compute the allowance. (*A. D. Co.* v. *Libby*, 45 N. Y. 499; *O., etc., Co.* v. *V., etc., R. R. Co.*, 63 id. 176; *Weaver* v. *Ely*, 83 id. 89; *Conaughty* v. *S. C. Bank*, 92 id. 401; *Mingay* v. *H. M. Co.*, 99 id. 270; *H. R. T. Co.* v. *W. T. & R. Co.*, 135 id. 393.) The practice of defendants on renewing their motions were regular. (*Fowler* v. *Huber*, 7 Robt. 52; *Bolles* v. *Duff*, 56 Barb. 567; *Crocker* v. *Crocker*, 1 Sheld. 274.)

*Henry L. Scheuerman* for respondent. There is no subject-matter involved in this action shown to have any value upon which any allowance can be computed. (*People* v. *U. & D. R. R. Co.*, 128 N. Y. 240; *People* v. *G. V. C. R. R. Co.*, 95 id. 666; *In re T. F. S. R. R. Co.*, 102 id. 343, 351; *In re Application of R. E. R. R. Co.*, 123 id. 351, 358; *Ferguson* v. *Hubbell*, 97 id. 507; *Conaughty* v. *S. C. Bank*, 92 id. 401; *People* v. *N. Y., etc., Co.*, 68 id. 71; *H. Ins. Co.* v. *G. Ins. Co.*, 138 id. 252; *O., etc., Co.* v. *V., etc., Co.*, 63 id. 179; *A. D. Co.* v. *Libbey*, 45 id. 499; *People* v. *N. Y. & S. I. F. Co.*, 68 id. 72; *Coleman* v. *Chauncey*, 7 Robt. 578; *Lyon* v. *Belford*, 8 Civ. Pro. Rep. 229; *Stevens* v. *C. E. Bank*, 3 Hun, 147.)

Bartlett, J. This is an action for an injunction to prevent the defendants from interfering with the plaintiff from building and operating its street surface railroad, and to prevent defendant traction companies from building their own roads upon certain highways in Westchester, over which plaintiff claimed exclusive rights under its charter. After the action had been pending for some months a motion was made to discontinue it, by plaintiff, which was granted by order entered March 7th, 1893, the order reciting that it appeared the plaintiff had complied with all terms " except to the extra allowance to be hereafter disposed of." This had reference to a stipulation made the day before (March 6th, 1893) to the effect that the entry of the order of discontinuance should be without prejudice to the motion for an extra allowance, then

pending, and that if the extra allowance was granted and not paid, defendants could move to vacate the order of discontinuance *ex parte*. On the 16th of May, 1893, Mr. Justice PATTERSON of New York, sitting at Special Term, granted to the Town Board of the town of Westchester, and certain other defendants, an extra allowance of five hundred dollars. From this order the plaintiff appealed, and the General Term refused to consider the appeal on the merits and reversed the order, for the alleged reason, as appears by the order, that the court had no power, after the action had been discontinued, to entertain a motion for an extra allowance. The defendants interested appeal from this order. We think it was competent for the parties to enter into the stipulation they did for the conditional discontinuance of this action. This court has repeatedly held that parties may enter into any stipulation not unreasonable and not against good morals or sound public policy. (*Matter of N. Y., L. & W. R. R. Co.*, 98 N. Y. 453, and cases there cited.) The motion for an extra allowance was, therefore, regular, and the General Term had full power to consider on the merits the appeal from the order made by the Special Term.

We are urged by the respondent to consider the question of the extra allowance on a ground not resting in the discretion of the Supreme Court, viz., was there any subject-matter involved in this action which was shown to have a value, upon which an allowance could be computed? We do not think this question is properly before us on this appeal, as the only point presented for our consideration is whether the General Term possessed the power to review the order of the Special Term on the merits.

For the reasons already stated, we are of opinion that the order appealed from should be reversed.

Order appealed from reversed, with costs, and case remitted to General Term for its action upon the appeal from the Special Term.

All concur.

Ordered accordingly.