THE HARLEM BRIDGE, MORRISANIA AND FORDHAM RAILWAY COMPANY, Appellant, *v.* THE TOWN BOARD OF THE TOWN OF WESTCHESTER and Others, Respondents.

*Production of records for the first time upon the argument of an appeal.*

An appellate tribunal may permit a record to be produced for the first time on argument in that court.

This was formerly allowed only for the purpose of sustaining a judgment, and was never permitted for the purpose of reversing one; it may now be received for either purpose.

THESE appeals were heard pursuant to a judgment and order of the Court of Appeals (made the judgment and order of the Supreme Court) directing that a previous order of the General Term be reversed and that the case be remitted to the General Term of the Supreme Court for a hearing upon said appeals from the Special Term of the Supreme Court to the said General Term.

The appeals from the Special Term were taken by the plaintiff, The Harlem Bridge, Morrisania and Fordham Railway Company, from two orders of the Supreme Court, each made at the New York Special Term and entered in the office of the clerk of the county of New York on the 29th day of May, 1893, granting the respective defendants' respective motions for leave to renew motions for extra allowances on the discontinuance of the action, and granting such allowances to the amount of $500 by each order.

*W. N. Cohen,* for the appellant.

*A. B. Cruikshank,* for the respondents.

VAN BRUNT, P. J.:

This action was begun in June, 1892, for the purpose of obtaining an injunction to restrain the defendants from interfering with the plaintiff in building and operating a street surface railroad, etc. A preliminary injunction was granted at the commencement of the action pending the hearing of a motion to continue the same *pendente lite.* Upon argument this motion was granted, and an order continuing the injunction during the pendency of the action was entered. An appeal from such order was taken to the General Term. Issues of fact were joined by the service of answers of all the defendants except two, who demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action. Subsequently a motion for discontinuance was made by the plaintiff and would seem to have been granted by an order dated February 27, 1893, which does not appear to be contained in the record. On the 7th of March, 1893, an order was entered reciting that, upon reading the order of February 27, 1893, and upon reading another order of the 7th of March, 1893, vacating the injunction order (which last-mentioned order is also conspicuous for its absence from the record), and upon reading and filing two certain bills of costs adjusted upon notice, and the receipt by defendants' attorneys of the due payments by plaintiff's attorneys of said costs, and reciting that it appeared that the terms imposed by one of the previous orders had in all respects been duly complied with by said plaintiff, except as to the extra allowance to be thereafter disposed of, and that the plaintiff was under the provisions of said order entitled to the final order of discontinuance therein, it was ordered that the action be discontinued without further costs to either party as against the other. The defendants thereupon moved for extra allowances, and such motions were denied and orders entered thereon. An application was subsequently made to the justice who had decided the motions to resettle the orders so as to contain leave to renew the motions, which was denied. It does not appear that any order was entered upon such motion. The defendants then moved for leave to renew the original motion upon additional affidavits and also for the relief originally asked for. Leave to renew was granted and the motion for an extra allowance was also granted. From the orders granting the allowance the plaintiff

appealed to the General Term. These orders were reversed by the General Term on the ground that the court had no power to grant an extra allowance after the action had been discontinued. An appeal from the order of the General Term was thereupon taken to the Court of Appeals, and to the return to the Court of Appeals was annexed a stipulation which did not appear in the record upon the hearing before the General Term and was not presented to the General Term, which facts appear upon the face of said return to the Court of Appeals. The Court of Appeals held that the judgment of the General Term upon the record and facts before it was correct; but because of the existence of this stipulation, which did not appear in the record before the General Term and was not presented to such court, its judgment was reversed. (143 N. Y. 59.)

It has long been the settled rule in our State that an appellate tribunal may permit a record to be produced on argument in the appellate court, but this was allowed only for the purpose of sustaining a judgment and was never permitted for the purpose of reversing one. (*Stilwell* v. *Carpenter*, 62 N. Y. 639; *Porter* v. *Waring*, 69 id. 255; *Day* v. *Town of New Lots*, 107 id. 157; *Dunham* v. *Townshend*, 118 id. 286.)

This authority also seems to have been limited to the receipt of records, such as records of judgment, bankrupt discharges and certificates of naturalization; and evidence of this character was received by the appellate court for the reason that, being in its nature uncontrovertible, it would be idle to send the case back for a new trial for the sole purpose of admitting it. There does not seem to have been any authority whatever for the admission of evidence of any other character; and in the case of *Porter* v. *Waring* (*supra*) such a limitation seems to have been specially noticed.

In the case at bar, for the purpose of reversing the judgment of the General Term, the appellate court has received a stipulation which was not in the record before the General Term, which was not recited in the order of discontinuance which was the foundation of the judgment of the General Term, of which, therefore, the General Term could have no knowledge, and which it could not consider. This seems to have established a different rule from that which has heretofore obtained in this State in respect to the receipt of evidence by an appellate tribunal. Not only is evidence received

of a character essentially different from that to which this privilege has hitherto been confined, but it is also admitted, not for the purpose of supporting a judgment, as has heretofore been the rule, but for the reversal of such judgment.

In view of the conclusion arrived at by the Court of Appeals upon the previous appeal, we think that the orders appealed from must be affirmed, with costs.

FOLLETT, J., concurred.

Orders affirmed, with costs.